Peter Jakab (PJ-8553)
FEIN & JAKAB
The Woolworth Building
233 Broadway · Suite 930
New York, NY 10279
(212) 732-9290

David Toy, Esq. (admitted in CA and TX)
SPAGNOLETTI & CO.
401 Louisiana St.
8th Floor
Houston, TX 77002-1629
(713) 653 5600

Attorneys for Plaintiff
COMMERCIAL METALS COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMERCIAL METALS COMPANY,<br><br>                 Plaintiff,<br><br>       -against-<br><br>M.V. *XIAMEN SKY*, *IN REM,* HER ENGINES, TACKLE, APPAREL, ETC., GLORY OCEAN SHIPPING SA, P&F MARINE CO. LTD., AND HYUNDAI MERCHANT MARINE CO. LTD.,<br><br>                 Defendants. | ECF CASE<br><br>Case No.  07 cv 3306 (RPP)<br><br>**COMPLAINT** |

      Plaintiff, Commercial Metals Company, by and through its undersigned attorneys, complains of Defendants, M.V. *Xiamen Sky*, *in rem*, Glory Ocean Shipping SA, P&F Marine Co. Ltd., and Hyundai Merchant Marine Co., Ltd., and respectfully shows the Court as follows:

# I. PARTIES

1. Plaintiff, Commercial Metals Company, is a corporation existing under the laws of Delaware and maintains a place of business in Texas.

2. Defendant *in rem*, M.V. *Xiamen Sky*, is a Hong Kong, China-flagged bulk carrier that transported the steel cargo made the subject of this proceeding.

3. Defendant Glory Ocean Shipping SA, is a company organized and existing under the laws of a state other than New York, and, upon information and belief, is the owner of the M.V. *Xiamen Sky*. In accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Plaintiff hereby forwards duplicate originals of process with this Complaint, translated into Japanese, to Central Authority for Japan, to wit: Ministry of Foreign Affairs, 2–2–1 Kasumigaseki Chiyoda-ku, Tokyo, 100-8919, Japan, for service on Defendant Glory Ocean Shipping SA, at its home office care of Temm Maritime Co Ltd, 6th Floor, Ayumi II-Bankan, 4–13, Tamon-dori, 4-chome, Chuo-ku, Kobe, Hyogo Prefecture, 650-0015, Japan.

4. Defendant P&F Marine Co., Ltd., is a company organized and existing under the laws of a state other than New York, and, upon information and belief, is the manager of the M.V. *Xiamen Sky*. In accordance with the Hague Convention on the Service Abroad of Judicial and  Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Plaintiff hereby forwards duplicate originals of process with this Complaint, translated into Korean, to the Central Authority for Korea, to wit: National Court Administration, ATTN: Director of International Affairs, 967, Seocho-dong, Seocho-gu, Seoul 137-750, South Korea, for

service on Defendant P&F Marine Co., Ltd., at its home office located at 9F Haeduk Bldg. 1212-11, Choryang-Dong, Dong-Ku, Busan, Korea.

5.      Defendant Hyundai Merchant Marine Co., Ltd., is a company organized and existing under the laws of a state other than New York, and, upon information and belief, is the charterer of the M.V. *Xiamen Sky*. In accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Plaintiff hereby forwards duplicate originals of process with this Complaint, in Korean, to the Central Authority for South Korea, to wit: National Court Administration, ATTN: Director of International Affairs, 967, Seocho-dong, Seocho-gu, Seoul 137-750, South Korea for service on Defendant Hyundai Merchant Marine Co., Ltd., at its home office located at 66, Chokson-dong, Jongro-ku, Seoul 110-052, South Korea.

## II. JURISDICTION & VENUE

6.      This is an admiralty or maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to Article III, section 2 of the U.S. Constitution, 28 U.S.C. § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure. This claim is asserted against the vessel, M.V. *Xiamen Sky*, *in rem*, Supp. Rule C of Fed. R. Civ. P.

7.      Venue is proper as to the admiralty and maritime claim pursuant to Rule 82, Fed. R. Civ. P.

## III. BACKGROUND

8.      On or about 17 February 2006, a cargo of prime newly produced flat bars were delivered in good order and condition in Shanghai, China, to the M.V. *Xiamen Sky* bound for

Camden, New Jersey. The owners and/or charterers of the vessel issued bills of lading numbered HDMUSHOCM6040113 and HDMUSHOCM6040114, and possibly others, covering the aforementioned cargo, and all defendants agreed safely to receive, handle, load, stow, secure, discharge and deliver at Camden the cargo in the same good order and condition as when received, in consideration of freight charges paid.

9. The above-referenced cargo arrived in Camden on or about 01 May 2006, not in the same good order and condition as when received but, on the contrary, much of the cargo was wet, stained, corroded, rusted, bent, dented, either on the vessel or as a result of being dropped from the vessel's gear, and otherwise physically damaged. The loss of and damage to cargo arising during shipment on the M.V. *Xiamen Sky* gives rise to a maritime lien in favor of cargo's interests, which Plaintiff hereby asserts against the M.V. *Xiamen Sky*, *in rem*, its owner Defendant Glory Ocean Shipping, its manager, Defendant P&F Marine Co., Ltd., and the charterer, Defendant Hyundai Merchant Marine Co., Ltd.

10. On or about 18 February 2006, a cargo of prime newly produced ERW line pipes were delivered in good order and condition in Shanghai, China, to the M.V. *Xiamen Sky* bound for Tampa, Florida. The owners and/or charterers of the vessel issued bill of lading number HDMUSHOTP6040102, and possibly others, covering the aforementioned cargo, and all defendants agreed safely to receive, handle, load, stow, secure, discharge and deliver at Camden the cargo in the same good order and condition as when received, in consideration of freight charges paid.

11. The above-referenced cargo arrived in Tampa on or about 25 April 2006, not in the same good order and condition as when received but, on the contrary, much of the cargo was

wet, stained, corroded, rusted, bent, dented, and otherwise physically damaged. The loss of and damage to cargo arising during shipment on the M.V. *Xiamen Sky* gives rise to a maritime lien in favor of cargo's interests, which Plaintiff hereby asserts against the M.V. *Xiamen Sky*, *in rem*, its owner Defendant Glory Ocean Shipping, its manager, Defendant P&F Marine Co., Ltd., and the charterer, Defendant Hyundai Merchant Marine Co., Ltd.

## IV.

12. The damage to the cargo was the direct and proximate result of the acts or failure to act of the Defendants herein, which acts or failure to act constitute negligence, breach of contract of carriage, breach of contract of bailment, unseaworthiness, deviation and/or breach of the implied and/or express warranties on the part of the Defendants while the cargo was in the Defendants' care and custody.

## V.

13. By virtue of the aforementioned damages, Plaintiff has suffered loss and damage of at least $14,000, plus interest, court and other recoverable costs, for which sum it brings this action.

14. In addition to the aforementioned damages, Plaintiff hereby demands attorney's fees in accordance applicable law and agreement. Reasonable attorney's fees in this matter are in an amount of at least $4,500.

## VII.

15. Plaintiff Commercial Metals Company was the shipper, consignee, or owner of the shipment of cargo described herein and brings this action on behalf of, and for the interest of all parties who may be, or become interested in such shipment, as their respective interests may

appear, and Plaintiff Commercial Metals Company is entitled to maintain this action.

16.     If any charterparty, booking note, bill of lading or other contract of carriage legally obligates CMC to arbitrate all or any part(s) of the disputes or matters arising herein, then Plaintiff hereby presents notice of claim and demand for relief at arbitration in the forum required, and for that purpose, appoints as arbitrator Lucienne C. Bulow of New York City as arbitrator thereof.

WHEREFORE, Plaintiff prays that its maritime lien and claims against M.V. *Xiamen Sky* be enforced, and that Defendants Glory Ocean Shipping SA, P&F Marine Co., Ltd., and Hyundai Merchant Marine Co., Ltd., be cited to appear and answer herein, and that upon final hearing of all claims, Plaintiff have and recover judgment against Defendants in an amount equal to its damages and disbursements, together with attorney's fees of at least $4,500, interest at the legal rate until paid, and costs of Court. Plaintiff prays for all such further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Dated: April 25, 2007
       New York, New York

Respectfully,

FEIN & JAKAB
The Woolworth Building
233 Broadway · Suite 930
New York, NY 10279
212/732-9290

By:_____/s/_____
       PETER JAKAB (PJ-8553)

Attorneys for Plaintiffs
COMMERCIAL METALS COMPANY